UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN M. HELLER, | ) | CASE NO. 5:15-cv-520 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BUREAU OF VOCATIONAL | ) | **AND ORDER** |
| REHABILITATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

The above-captioned action was originally filed by pro se plaintiff, Dawn M. Heller, in Summit County Court of Common Pleas.[1] It was timely and properly removed by defendant Social Security Administration. Now before the Court are motions to dismiss filed by the various defendants who have made appearances.[2] (*See* Doc. Nos. 15, 18, 19, 21 and 22.) For the reasons set forth herein, all of the motions to dismiss are granted.[3]

---

[1] The state court docket reflects that plaintiff sought leave to proceed *in forma pauperis*, although that motion does not seem to have been resolved prior to removal.

[2] Many named defendants have not appeared and there is no record evidence that they have ever been served, although the time for service under Fed. R. Civ. P. 4(m) has long since expired. All claims against all of these defendants are dismissed.

[3] There are also several motions pending that have been filed by plaintiff. First, there is a motion for leave to amend the complaint. (Doc. No. 12.) Although Fed. R. Civ. P. 15(a)(1)(B) permits amendment of a complaint as a matter of course under certain circumstances (e.g., following the filing of a Rule 12(b) motion to dismiss), this motion to amend is denied as it does nothing to correct the deficiencies in the complaint that have led the Court to grant the motions to dismiss. In addition, there are a motion to remand (Doc. No. 23), a motion for joinder (Doc. No. 24), a motion for partial summary judgment (Doc. No. 25), and a motion to compel discovery (Doc. No. 28). None of these have any merit and all are **denied**.

# I. BACKGROUND

Plaintiff's complaint is indecipherable.[4] Sprinkled throughout her complaint are references to various federal statutes (Title VII, the Americans with Disabilities Act, Workforce Investment Act, Social Security acts, the Rehabilitation Act, HIPAA, etc.), without a single factual allegation to explain how any defendant, alone or in concert with other defendants, may have violated any or all of these statutes. Plaintiff merely asserts in conclusory fashion that she has "a right to recovery of damages due to fraudulent employment practices, discrimination and harassment issues." (Doc. No. 1-1 ["Compl."] at 6.)[5] She even purports to state a claim for "[d]eprivation of the right to honest and tangible services under 18 U.S.C. § 1346[,]" (*id.* at 7), a criminal statute. She refers to "[d]efendants' joint harassment and negligent discriminatory acts and omissions," (*id.* at 12), but fails to specify even a single specific act or omission by any one or more specific defendant.

# II. DISCUSSION

## A. Applicable Law

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual

---

[4] The complaint fails to comply with the Federal Rules of Civil Procedure. First, Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although "no technical form" is required by Rule 8, it does require allegations that are "simple, concise, and direct." Rule 8(d)(1). Second, Fed. R. Civ. P. 10(b) requires that claims be set out "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Although pro se pleadings are held "to less stringent standards[,]" *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), pro se status does not relieve a litigant of her duty to comply with simple, easily-understandable requirements that make for orderly proceedings. *Brown v. L.E. Woodward*, No. 95-5792, 1998 WL 211785, at *1 (6th Cir. Apr. 23, 1998) (a pro se litigant is not "relieved of the responsibility to comply with the basic rules of court"); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases where courts have required pro se litigants to adhere to basic pleading requirements). That said, the Court has done its best to decipher the meaning of the complaint and to liberally construe its assertions in favor of the non-movant, as required on a motion to dismiss.

[5] All page number references are to the page identification number generated by the Court's electronic docketing system.

2

allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citation omitted). Although pro se pleadings are liberally construed, *Haines*, 404 U.S. at 520, even a pro se complaint must contain sufficient facts to "state a claim to relief that is plausible on its face[ ]" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted).

"[T]he lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004). District Courts are also not "required to create [a pro se litigant's] claim for her." *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

**B.     Analysis**

The defendants' motions make several arguments in favor of dismissal under Rule 12(b)(6).[6]

Defendants Bureau of Vocational Rehabilitation and Rehabilitation Service Commission argue first and foremost that the complaint is devoid of factual allegations to support its claims. For example, although plaintiff alleges various forms of discrimination in employment, she never alleges that she was actually employed by any of the defendants; further, although the attachments to her complaint suggest that she has filed some administrative actions, she does not explain the status of any of those actions. Second, defendants argue that, to the extent any of them are state agencies, either the Eleventh Amendment bars plaintiff's claims for damages or they must be brought only in the Ohio Court of Claims. Third, they assert that any claim of discrimination under Title VII and/or the Americans with Disabilities Act is time-barred because plaintiff herself admits that her administrative charge was closed on October 9, 2014. Even assuming three days for mailing, the complaint was not filed within 90 days of plaintiff's receipt of her right to sue letter, as required by 42 U.S. C. § 2000e-5(f)(1). The latest the complaint could be filed was January 12, 2015; plaintiff filed in the state court on January 13, 2015. Fourth, they argue failure to exhaust administrative remedies by virtue of attempting to circumvent the procedures established in Ohio Admin. Code § 33-4-2-62. (*See* Doc. No. 15.)

Defendant Social Security Administration ("SSA") argues that the complaint fails to comport with the pleading requirements of Rule 8, that SSA is entitled to sovereign immunity, and that it was not properly served with process. (*See* Doc. No. 18.)

---

[6] The defendants also rely on other sections of Rule 12, notably Rule 12(b)(1) and Rule 12(b)(5). But the Court finds Rule 12(b)(6) to be a more than adequate basis for granting the motions.

Defendant Governor John Kasich[7] seeks dismissal based on Eleventh Amendment immunity. Defendant also asserts that any claim for monetary damages must be brought in the Ohio Court of Claims. Finally, defendant argues that the complaint completely fails to comply with the requirements of Rule 8 by stating factual allegations sufficient to support its claims and to permit a defendant to marshal its defense. (*See* Doc. No. 19.) Defendant Ohio Secretary of State John Husted joins in the arguments of defendant Kasich. (*See* Doc. No. 21.)

Defendant Goodwill Industries International, Inc., whose motion to dismiss or for summary judgment was pending in state court at the time of removal (*see* Doc. No. 22-1), first argues that this complaint is identical to an earlier federal case dismissed for failure to state a claim (i.e., Case No. 5:13-cv-2307) and is, therefore, barred by *res judicata*. Defendant also argues that this case should be dismissed for failure to state a claim, just as the earlier case was dismissed.

Although the various defendants raise several meritorious arguments, they need not be addressed in specific detail for the simple reason that a review of plaintiff's "complaint" reveals its utter failure to set forth "a short and plain statement of [any] claim showing that [plaintiff] is entitled to relief[.]" Rule 8(a)(2). Plaintiff's complaint is no more than a hodgepodge of words, legal terms of art, statutory references, and legal conclusions, with no supporting factual allegations. Case precedent requires this Court to afford generous construction to pro se pleadings; it "does not require [the Court] to conjure up questions never squarely presented … [nor] to construct full blown claims from sentence fragments[.]" *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) (cited by *Crawford v. Crestar Foods*, No. 98-3144, 2000

---

[7] The Clerk's docket does not show Governor Kasich as a defendant, but it does list various Ohio agencies. The Court construes Doc. No. 19 has having been filed on behalf of all Ohio entities.

WL 377349, at *2 (6th Cir. Apr. 6, 2000); *Thompson v. A.J. Rose Mfg. Co.*, No. 99-3728, 2000 WL 302998, at *1 (6th Cir. Mar. 14, 2000)).

Applying these principles, all defendants are entitled to dismissal under Rule 12(b)(6) and the same shall be ordered.

### III. CONCLUSION

For the reasons set forth herein, this case is dismissed for failure to state a claim. Further, pursuant to 28 U.S.C. 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.[8]

**IT IS SO ORDERED.**

Dated: February 29, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[8] At the time this case was initiated in state court, plaintiff sought leave to proceed *in forma pauperis*. That application had not yet been resolved when the case was removed. Since it was removed by SSA, no filing fee was required. Therefore, although plaintiff has not been formally granted leave to proceed *in forma pauperis*, the Court believes that the spirit of 28 U.S.C. § 1915 warrants application of that statute, along with this Court's finding regarding even the possibility of a good faith appeal by plaintiff. *See, Smith v. Breen*, No. 09-2770-STA-tmp, 2010 WL 2557447, at *16 (W.D. Tenn. June 21, 2010) (ruling, in a case removed from state court, that the plaintiff could not take a good faith, *in forma pauperis*, appeal, even though she had not yet sought leave to do so, concluding that "[t]he same considerations that lead the Court to grant [defendant's] motion to dismiss also compel the conclusion that an appeal would not be taken in good faith.").